George B. Piggott (SBN 68227)
a member of George B. Piggott,
A Professional Corporation
(gbpapc@aol.com)
2 Park Plaza, Suite 300
Irvine, California 92614-8513
Tel: (949) 261-0500  Fax: (949) 261-1085

Attorney for Plaintiff,
AFTCO MFG. CO., INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFTCO MFG. CO., INC., a California corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>ACELERANT, INC., doing business under the fictitious business name of STINGRAY TACKLE COMPANY, a Florida corporation.<br><br>  Defendant. | Case No. SACV 10-00281 AG (RNBx)<br><br>**CONSENT JUDGMENT** |

   WHEREAS, Plaintiff AFTCO MFG. CO., INC. ("AFTCO") is the owner of a trademark registered on the Principal Register, as evidenced by a certificate of registration for U.S. Trademark No. 1,615,844 ("Trademark Registration No. 1,615,844"), for the design of fishing rod roller guides consisting of the exterior configuration of the upper portion of a fishing rod roller guide, excluding the feet and roller and line attachment points on the frame; and

   WHEREAS, AFTCO is the owner of a trademark registered on the Principal

Register, as evidenced by a certificate of registration for U.S. Trademark No. 1,643,711 ("Trademark Registration No. 1,643,711"), for the design of fishing rod roller tip-tops consisting of the exterior configuration of the frame of a fishing rod roller tip-top, excluding the roller frame rod mount or sleeve and the axis assembly for the roller; and

WHEREAS, AFTCO claims and alleges to be the owner of a distinctive trade dress for its fishing rod roller guide and roller tip-top products, including its swivel tops, that are the subject of the claims alleged in the Complaint in this action ("the Complaint"), consisting of the overall shape of its roller guides and its roller tip-tops, including its swivel tops, as they have heretofore been designed, manufactured, marketed and sold by AFTCO ("the AFTCO Trade Dress"); and

WHEREAS, the Complaint filed by AFTCO in this action on or about March 8, 2010 ("the Complaint") alleges claims against ACELERANT, INC., dba STINGRAY TACKLE COMPANY ("STINGRAY") for, among other things, infringement of Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and the AFTCO Trade Dress by certain products that are circled on Exhibit 1 attached hereto (the "Accused Products"); and

WHEREAS, STINGRAY denies all wrongdoing in its Answer to the Complaint filed in the action on or about April 22, 2010 ("the Answer") but it voluntarily ceased the sale of the Accused Products in the United States and the advertising of the Accused Products as of April 15, 2010 and removed all references

to the Accused Products from its website to AFTCO's satisfaction; and

WHEREAS, the Parties wish to resolve this matter to preserve costs and judicial resources,

NOW, THEREFORE, pursuant to the STIPULATION FOR ENTRY OF CONSENT JUDGMENT between Plaintiff AFTCO and Defendant STINGRAY (collectively the "Parties"),

IT IS HEREBY ORDERED, ADJUDGED AMD DECREED that:

1. This Court has personal jurisdiction over the Parties and the subject matter of this action for purposes of this action.

2. AFTCO is the owner of the entire right, title and interest in and to Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and the AFTCO Trade Dress and has the right to sue to obtain relief for infringements thereof.

3. For purposes of this action only, the Court finds that the roller guides and roller tip-tops, including swivel tops, on the Accused Products, which are circled on the pages from STINGRAY's website that are attached hereto collectively as Exhibit 1, infringe Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress.

4. STINGRAY, and all of its officers, agents, servants and employees, if any, and all persons and entities in active concert or participation with STINGRAY and/or any of STINGRAY'S officers, agents, servants or employees, if any, who

receive actual notice of this CONSENT JUDGMENT by personal service or otherwise, are hereby restrained and enjoined for the life of Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and the AFTCO Trade Dress rights from:

    (i)    Selling, shipping, delivering, distributing, or otherwise disposing of, in the United States, fishing rods that are equipped with the roller guides circled on Exhibit 1 attached hereto or other roller guides having the distinctive configuration of Trademark Registration No. 1,615,844, or with roller tip-tops, including swivel tops, circled on Exhibit 1, or other roller tip-tops, including swivel tops, having the distinctive configuration of Trademark Registration No. 1,643,711, or with roller guides or roller tip-tops, including swivel tops, having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive; (as used hereinafter in this Paragraph 4 and in Paragraph 5 herein below, all references to "roller tip-tops" shall include both roller tip-tops and swivel tops);

    (ii)    Selling, shipping, delivering, distributing, or otherwise disposing of, in the United States, the roller guide parts circled on Exhibit 1 attached hereto or other roller guide parts having the distinctive configuration of Trademark Registration No. 1,615,844, or the roller tip-tops circled on Exhibit 1 or other

roller tip-top parts having the distinctive configuration of Trademark Registration No. 1,643,711, or roller guide parts or roller tip-tops parts having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive;

    (iii) Importing into the United States fishing rods that are equipped with the roller guides circled on Exhibit 1 or other roller guides having the distinctive configuration of Trademark Registration No. 1,615,844, or with the roller tip-tops circled on Exhibit 1 or other roller tip-tops having the distinctive configuration of Trademark Registration No. 1,643,711, or with roller guides or roller tip-tops having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive;

    (iv) Importing into the United States the roller guide parts circled on Exhibit 1 or other roller guide part having the distinctive configuration of Trademark Registration No. 1,615,844, or the roller tip-top parts circled on Exhibit 1 or other roller tip-tops parts having the distinctive configuration of Trademark Registration No. 1,643,711, or roller guide parts or roller tip-top parts having the shape of the

AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive;

     (v)    Inducing or abetting others in the United States to sell or pass off any fishing rods that are equipped with the roller guides circled on Exhibit 1 or other roller guides having the distinctive configuration of Trademark Registration No. 1,615,844, or with the roller tip-tops circled on Exhibit 1 or other roller tip-tops having the distinctive configuration of Trademark Registration No. 1,643,711, or with roller guides or roller tip-tops having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive;

     (vi)    Inducing or abetting others in the United States to sell or pass off the roller guide parts circled on Exhibit 1 or other roller guides parts having the distinctive configuration of Trademark Registration No. 1,615,844, or the roller tip-top parts circled on Exhibit 1 or other roller tip-top parts having the distinctive configuration of Trademark Registration No. 1,643,711, or roller guide parts or roller tip-top parts having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark

Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive; and

   (vii) Advertising in the United States any fishing rods that are equipped with the roller guides circled on Exhibit 1 or other roller guides having the distinctive configuration of Trademark Registration No. 1,615,844, or with the roller tip-tops circled on Exhibit 1 or other roller tip-tops having the distinctive configuration of Trademark Registration No. 1,643,711, or with roller guides or roller tip-tops having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade Dress as to be likely to cause confusion, to cause mistake or to deceive;

   (viii) Advertising in the United States the roller guide parts circled in Exhibit 1 or any other roller guide parts having the distinctive configuration of Trademark Registration No. 1,615,844, or the roller tip-top parts circled in Exhibit 1 or any other roller tip-top parts having the distinctive configuration of Trademark Registration No. 1,643,711, or any roller guide parts or roller tip-top parts having the shape of the AFTCO Trade Dress or any other configuration or shape which is substantially similar thereto or which so resembles Trademark Registration No. 1,615,844, Trademark Registration No. 1,643,711 and/or the AFTCO Trade

Dress as to be likely to cause confusion, to cause mistake or to deceive;

        (ix)    The provisions of this paragraph 4 and of subparagraphs (iii) and (iv) of paragraph 5 herein below shall cease to be effective with respect to Trademark Registration No. 1,615,844 in the event that Trademark Registration No. 1,615,844 is cancelled by court stipulation or judgment or by action of the United States Patent and Trademark Office and such cancellation is final and not subject to appeal, or if AFTCO voluntarily abandons such trademark rights; the provisions of this paragraph 4 and of subparagraphs (iii) and (iv) of paragraph 5 herein below shall cease to be effective with respect to Trademark Registration No. 1,643,711 in the event that Trademark Registration No. 1,643,711 is cancelled by court stipulation or judgment or by action of the United States Patent and Trademark Office and such cancellation is final and not subject to appeal, or if AFTCO voluntarily abandons such trademark rights; and the provisions of this paragraph 4 and of subparagraphs (iii) and (iv) of  paragraph 5 herein below shall cease to be effective with respect to the AFTCO Trade Dress in the event that the AFTCO Trade Dress is invalidated by court stipulation or judgment and such invalidation is final and not subject to appeal, or if AFTCO voluntarily abandons such trademark rights. STINGRAY shall not bring, either directly or indirectly, any action or proceeding in any court or before the United States Patent and Trademark Office which seeks the cancellation of Trademark Registration No. 1,615,844 and/or Trademark Registration No.1,643,711, and/or the invalidation of the AFTCO Trade Dress, or any similar relief; and

(x) The foregoing provisions of subparagraphs (i) through (ix) of this Paragraph 4 shall not apply, in whole or in part, to the sale, offering for sale, advertising, shipping, delivering, distributing, importing, exporting, or otherwise disposing of: (a) any genuine AFTCO roller guides or roller tip-tops or to any other AFTCO products or parts that are sold, offered for sale, advertised, delivered, distributed, imported, exported or otherwise used by STINGRAY or its agents or assigns, separately or as part of any fishing tackle, fishing rod or any other item; (b) other roller guides or roller tip-tops which are of a substantially different design and appearance than Trademark Registration No.1,615,844, Trademark No. 1, 643,711 and/or AFTCO's Trade Dress such that they do not so resemble Trademark Registration No. 1,615,844, Trademark Registration No. 1, 643,711 and/or AFTCO's Trade Dress as to be likely to cause confusion, to cause mistake or to deceive; and (c) the roller guides or roller tip-tops which are sold or made by PacBay as of the date of entry of this CONSENT JUDGMENT.

The provisions of this Paragraph 4 shall be effective as of April 15, 2010, but shall not apply to any person or entity other than STINGRAY or any of its officers, agents, servants and employees solely because they purchased from STINGRAY any of the Accused Products or any other products which violate the provisions of this Paragraph 4 prior to April 15, 2010 and then resold such products. The foregoing clause shall not be construed to preclude AFTCO from seeking appropriate relief, including, but not limited to injunctive relief, concerning the resale of such products,

against any person or entity that purchased such products from STINGRAY, or from any other person or entity that purchased such products from STINGRAY, either prior to or after April 15, 2010.

5. STINGRAY shall, within ten (10) days of entry of this CONSENT JUDGMENT:

(i) Remove all roller guides and roller tip-tops circled on Exhibit 1 attached hereto from all fishing rods that are in its inventory and either deliver them to AFTCO for disposition or destroy them and provide proof of their destruction satisfactory to AFTCO;

(ii) Deliver all roller guide parts and roller tip-top parts circled on Exhibit 1 attached hereto that are in its inventory and either deliver them to AFTCO for disposition or destroy them and provide proof of their destruction satisfactory to AFTCO; provided, however, that STRINGRAY may retain up to four (4) of each of the Accused Products for the sole purpose of warranty replacement of Accused Products previously sold by STINGRAY for which it receives warranty claims;

(iii) Delete or disable all pages from its website which display the roller guides and roller tip tops that are circled on Exhibit 1 attached hereto; and

(iv) Discontinue all other advertising of fishing rods that are equipped with the roller guides and roller tip-tops that are circled on Exhibit 1 attached hereto.

6. No damages are awarded and each party shall bear their own attorneys'

fees and costs and related expenses incurred by them in connection with this action, except that the prevailing party shall be entitled to recover their attorney's fees and costs incurred in connection with any motion or proceeding for enforcement of this CONSENT JUDGMENT.

7.  This Judgment shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, representatives, successors and assigns.

8.  The Court shall retain jurisdiction over the Parties and their respective heirs, representatives, successors and assigns for the purpose of enforcement of this CONSENT JUDGMENT.

9.  This CONSENT JUDGMENT shall be construed under and governed by the laws of the State of California and the laws of the United States.

10. If any provision of this CONSENT JUDGMENT is held by the Court to be invalid, then such provision shall be automatically reformed by the Court to the minimum extent necessary to conform to the requirements for validity declared by the Court and, as so reformed, shall be deemed a provision of this CONSENT JUDGMENT as though originally included herein. In the event that a provision is invalidated that is of such a nature that it cannot be reformed, the provision shall be deemed deleted from this CONSENT JUDGMENT as though such provision had never been included herein. In either case, the remaining provisions of this CONSENT JUDGMENT shall continue in effect.

///

11. The Parties waive all rights to appeal or otherwise collaterally attack this CONSENT JUDGMENT.

Dated: June 28, 2010

_____
Andrew J. Guilford, Judge
United States District Court